1
2
3
4
5
6
7
8         **UNITED STATES DISTRICT COURT**
9         **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   CHRISTOPHER RANSOM,                    Civil No.    11-1708 LAB (RBB)
12   CDCR #V-63308,
                                             **ORDER:**
13                        Plaintiff,
                                             **(1)  GRANTING PLAINTIFF'S**
14                                           **MOTION TO PROCEED** *IN*
                                             *FORMA PAUPERIS,* **IMPOSING**
15                vs.                        **NO INITIAL PARTIAL FILING FEE**
                                             **AND GARNISHING BALANCE**
16                                           **FROM PRISONER'S TRUST**
                                             **ACCOUNT PURSUANT**
17                                           **TO 28 U.S.C. § 1915(a)**
                                             **[ECF No. 5]**
18   JAMES FAUCETT, M.D.; S. PASHA;
     P. FORTALEZA; L. ROMERO; SEELY;         **AND**
19   GEORGE A. NEOTTI; ARMIN PERHAM;
     FRANK B. FLINT,                         **(2)  DIRECTING U.S. MARSHAL TO**
20                                           **EFFECT SERVICE OF COMPLAINT**
                                             **PURSUANT TO FED.R.CIV.P. 4(c)(3)**
21                        Defendants.        **&  28 U.S.C. § 1915(d)**
22

23        Christopher Ransom ("Plaintiff"), a state prisoner currently incarcerated at the Richard

24   J. Donovan Correctional Facility located in San Diego, California, and proceeding in pro se, has

25   filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.   Plaintiff initially filed this action

26   in the Central District of California.  However, District Judge Audrey B. Collins determined that

27   venue was proper in the Southern District of California and transferred the matter on July 25,

28   2011.

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 5].

**I.**

**MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

/ / /

/ / /

/ / /

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust account statement shows he has insufficient funds with which to pay any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [ECF No. 5], and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,*

1   152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal

2   Rule of Civil Procedure 12(b)(6)").  In addition, courts "have an obligation where the petitioner

3   is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the

4   petitioner the benefit of any doubt." *Hebbe v. Pliler*, __ F.3d __, 2010 WL 4673711 at *3 & n.7

5   (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may

6   not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board*

7   *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and

8   conclusory allegations of official participation in civil rights violations are not sufficient to

9   withstand a motion to dismiss." *Id.*

10      As currently pleaded, the Court finds Plaintiff's allegations sufficient to survive the sua

11   sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1]  *See Lopez*, 203 F.3d at

12   1126-27.  Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf.

13   *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform

14   all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made

15   by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma*

16   *pauperis* under 28 U.S.C. § 1915.").

## III.

### CONCLUSION AND ORDER

19      Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

20      1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 5] is

21   **GRANTED**.

22      2.    The Secretary of California Department of Corrections and Rehabilitation, or his

23   designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing

24   fee owed in this case by collecting monthly payments from the trust account in an amount equal

25   to twenty percent (20%) of the preceding month's income credited to the account and forward

26   payments to the Clerk of the Court each time the amount in the account exceeds $10 in

---

28      [1]  Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1  accordance with 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS SHALL BE CLEARLY

2  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3        3.     The Clerk of the Court is directed to serve a copy of this order on Matthew Cate,

4  Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883,

5  Sacramento, California 94283-0001.

6        **IT IS FURTHER ORDERED** that:

7        4.     The Clerk shall issue a summons as to Plaintiff's Complaint [ECF No. 1] upon

8  Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for

9  each Defendant.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order

10 and a certified copy of his Complaint and the summons so that he may serve Defendants.  Upon

11 receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and

12 accurately as possible, and to return them to the United States Marshal according to the

13 instructions provided by the Clerk in the letter accompanying his IFP package.   Upon receipt,

14 the U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed

15 by Plaintiff on the USM Form 285s.  All costs of service shall be advanced by the United States.

16 *See* 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(3).

17       5.     Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the

18 time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42

19 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to

20 reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility

21 under section 1983," once the Court has conducted its sua sponte screening pursuant to 28

22 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on

23 the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the

24 merits," the defendant is required to respond).

25       6.     Plaintiff shall serve upon the Defendants or, if appearance has been entered by

26 counsel, upon Defendants' counsel, a copy of every further pleading or other document

27 submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

28 filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED:  October 5, 2011

**HONORABLE LARRY ALAN BURNS**
United States District Judge